UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff,

　　v.

JOSEPH DANIEL SCOTT,

　　　　　　　Defendant.

CR13-156 TSZ

ORDER

THIS MATTER comes before the Court on defendant's renewed motion for compassionate release, docket no. 184.  Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order DENYING the motion.

**Background**

Defendant was sentenced on January 16, 2020, for violations of supervised release, to 18 months in the custody of the United States Bureau of Prisons ("BOP"). *See* Judgment (docket no. 168).  Defendant is currently incarcerated at FCI Victorville and has a projected release date of March 17, 2021.  He seeks immediate release on the ground that his age (57), race (African-American) and medical conditions (obesity, hypertension, and limited mobility) increase the possibility of acute illness or death from Coronavirus Disease 2019 ("COVID-19").

ORDER - 1

**Discussion**

A sentence is generally considered final and may not be altered except in limited circumstances. <u>See</u> 18 U.S.C. § 3582(b); <u>see also</u> <u>Dillon v. United States</u>, 560 U.S. 817, 824 (2010). Pursuant to the First Step Act of 2018, however, a defendant may directly request a reduction in the term of incarceration after exhausting administrative remedies.[1] <u>See</u> 18 U.S.C. § 3582(c)(1)(A).

**A.    Denial Based on Current Medical Condition**

Defendant bears the burden of establishing "extraordinary and compelling reasons" justifying a reduction in his sentence. <u>See</u> <u>United States v. Powers</u>, 2020 WL 3605748 (W.D. Wash. July 2, 2020); <u>see also</u> 18 U.S.C. § 3582(c)(1)(A)(i). In determining whether "extraordinary and compelling reasons" exist, the Court considers the "helpful guidance" offered by the application notes to United States Sentencing Guideline ("USSG") § 1B1.13. <u>See</u> <u>United States v. Lineberry</u>, 2020 WL 6685044 at *1 (W.D. Wash. Nov. 12, 2020). Defendant contends that he is more vulnerable to COVID-19 because of his age, race, and medical conditions. The Court is not persuaded.

**Age**: According to the Centers for Disease Control and Prevention ("CDC"), defendant's age is not a significant risk factor. <u>See</u> https://www.cdc.gov/coronavirus/ 2019-ncov/need-extra-precautions/older-adults.html (indicating that 80% of COVID-19 related deaths reported in the United States have been in adults 65 years of age or older).

**Race**: Similarly, defendant's race is not itself a risk factor; the CDC considers race and ethnicity as merely "risk markers for other underlying conditions that impact

---

[1] The parties agree that defendant has met the prerequisite of exhaustion.

ORDER - 2

health – including socioeconomic status, access to health care, and increased exposure to the virus due to occupation." *See* https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-race-ethnicity.html.  Defendant has ample access to medical services, and he does not work in an industry (*e.g.*, health care) through which he is continually exposed to infected individuals.

**Medical Conditions**:

**Obesity**:  Defendant contends that he is more vulnerable to COVID-19 because he has a BMI of 30.5, which places him in the "obese" range.  The Government responds that his weight is barely above the threshold identified by the CDC as posing a concern.  Defendant's weight gain presents only a slight risk, which remains in large part within his control, and is no different than the weight gain many people have experienced as a result of limitations on their activity during this COVID-19 crisis.

**Hypertension**:  The CDC has identified hypertension as only a "possible," and not an actual, COVID-19 risk factor.  Numerous courts have denied release for individuals who suffer from this condition.  *See*, *e.g.*, *United States v. Carter*, 2020 WL 4194014 (S.D. Ga. July 21, 2020).  Defendant's alleged hypertension does not support his release.

**Limited Mobility**:  Nothing in the medical records reflects that defendant currently needs a wheelchair.  The unpublished cases on which defendant relies are distinguishable.  In *United States v. Asher*, N.D. Ga. Case No. 1:09-CR-414-MHC-AJB, the defendant was not only confined to a wheelchair, he also suffered from Parkinson's Disease with dysphagia (problems with swallowing), chronic heart disease, arrhythmia, hypertension, and possibly Ankylosing Spondylitis (an autoimmune disease).  *See* Order

ORDER - 3

at 2 (N.D. Ga. CR09-414, docket no. 184).  In <u>United States v. Muniz</u>, S.D. Tex. Case No. 4:09-CR-199-1, the defendant had been diagnosed with end-stage renal disease, diabetes, and arterial hypertension, and his right foot had been amputated, leaving him wheelchair-bound.  <u>See</u> Order at 3-4 (S.D. Tex. CR09-199, docket no. 578).

Having considered the necessary factors, the Court concludes that defendant has not established "extraordinary and compelling reasons" to support a reduction in his sentence.

**B.      Denial Based on Conditions at BOP**

Defendant also relies on the existence of the COVID-19 pathogen within the BOP system and at the facility where he is housed.  By focusing on external factors inherent in confinement or his facility or arising from BOP's procedures, defendant merely identifies factors affecting the risk of contagion for everyone at the correctional institution and offers no means of identifying specific individuals deserving of compassionate release.  <u>See</u> <u>Powers</u>, 2020 WL 3605748 at *2.

**C.      Denial Based on Safety to the Community**

A defendant may be granted compassionate release only if he or she is "not a danger to the safety of any other person or to the community," as evaluated in the manner outlined in 18 U.S.C. § 3142(g).  USSG § 1B1.13(2).  Having considered the relevant factors, namely (i) the nature and circumstances of the charged offense, (ii) the history and characteristics of the defendant, and (iii) the nature and seriousness of the danger to any person or the community that would be associated with the defendant's release, <u>see</u> 18 U.S.C. §§ 3142(g)(1), (3), & (4), and 3553(a)(1) & (2)(C), the Court concludes that, even if defendant could demonstrate "extraordinary and compelling reasons" to support

ORDER - 4

his motion, he has not made the requisite showing that his immediate release would not pose a risk to the "the safety of any other person or to the community." His criminal history reflects approximately 54 prior convictions, PSR at ¶¶ 23-144 (docket no. 31), including for first degree rape, <u>id.</u> at ¶ 138. Given defendant's previous inability to comply with the conditions of supervision and his earlier efforts to evade detection, defendant's assertion that he now presents no danger to the community is without merit. Since his most recent conviction in 2016 and his release, he has had three warrants for violations of supervised release. <u>See</u> Orders for Warrants (docket nos. 101, 135, and 154). Defendant's plan of release to a residential reentry center does little to satisfy the Court that defendant will not revert to the same criminal conduct.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendant's motion for compassionate release, docket no. 184, is DENIED; and

(2) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 1st day of December, 2020.

Thomas S. Zilly
United States District Judge

ORDER - 5